13 CV 7987

JUDGE BRICCETTI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X

STEVEN BUCCI,

                              Plaintiff,

         -against-                                          **COMPLAINT**

THE COUNTY OF WESTCHESTER, THE CITY OF YONKERS,      **JURY TRIAL**
AND JOHN DOES (1-4), FICTICIOUS NAMES MADE TO        **DEMANDED**
REPRESENT OFFICERS OF THE WESTCHESTER COUNTY
AND CITY OF YONKERS POLICE DEPARTMENTS

                              Defendants.
---------------------------------------------------------------------X

Plaintiff, STEVEN BUCCI, by and through his attorneys, THE LAW OFFICES OF

MICHAEL S. LAMONSOFF, PLLC, complaining of the defendants herein, respectfully shows the

Court and alleges:

### PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff, STEVEN BUCCI, seeks relief for the

defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1983

and 1988, and of rights secured by the Fourth and Fourteenth Amendments to the United

States Constitution, and of rights secured under the laws and Constitution of the State of New

York. The plaintiff seeks damages, both compensatory and punitive, affirmative and

equitable relief, an award of costs, interest and attorney's fees, and such other and further

relief as this Court deems equitable and just.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367 and 42, this

being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

3.     Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4.     The plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

## VENUE

5.     Venue herein is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.   Plaintiff, STEVEN BUCCI, filed a Notice of Claim with THE COUNTY OF WESTCHESTER, THE CITY OF YONKERS, THE YONKERS POLICE DEPARTMENT within 90 days of the accrual of this action.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

7.     Due to the fact that Plaintiff's criminal proceeding was still pending until November of 2013, Plaintiff was unable to be produced at an earlier time for a hearing pursuant to General Municipal Law 50-H and consequently this was rescheduled for a later date.  Plaintiff's hearings are presently scheduled for December 10, 2013 with the CITY OF YONKERS and December 12, 2013 for WESTCHESTER COUNTY.

8.   Plaintiff's counsel reached out counsel for Defendants CITY OF YONKERS and COUNTY OF WESTCHESTER to obtain consent to file complaint absent hearings pursuant to 50-h, with a stipulation that an application would be made to stay the case after filing to allow the

hearings to be held. Plaintiff received consent from counsel for CITY OF YONKERS but consent was refused by counsel for COUNTY OF WESTCHESTER.

9. In order to protect Plaintiff's rights in relation to the applicable statutes of limitations for the claims made here, Plaintiff files this complaint with the acknowledgment that the matter be stayed pending the completion of Plaintiff's General Municipal §50-H hearings for both Defendant CITY OF YONKERS and COUNTY OF WESTCHESTER.

## JURY TRIAL DEMAND

10. Plaintiff hereby demands a trial by jury of all issues in this action that are triable.

## PARTIES

11. Plaintiff, STEVEN BUCCI, is an adult male resident of the County of Westchester, City of Yonkers, State of New York.

12. Plaintiff, STEVEN BUCCI, is an adult male and at all times hereinafter mentioned was and still is a citizen of the United States residing in the County of Westchester, City of Yonkers, State of New York.

13. Defendants, THE COUNTY OF WESTCHESTER and THE CITY OF YONKERS were and are a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

14. Defendants, THE COUNTY OF WESTCHESTER and THE CITY OF YONKERS are and were at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendants, THE COUNTY OF WESTCHESTER and THE CITY OF YONKERS assume the risks of negligence, careless and reckless behavior committed by its police force and the employment

of police officers, specifically police officers presently known as JOHN DOES (1-4) as said risk attaches to the public consumers of the services provided by its police officers.

15. Defendants, THE COUNTY OF WESTCHESTER and THE CITY OF YONKERS are and were at all times relevant herein, the employer or entity employing acting officers presently known as JOHN DOES (1-4), assigned to the 2nd precinct of the City of Yonkers Police Department. Defendants presently known as, JOHN DOES (1-4) were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendants, THE COUNTY OF WESTCHESTER and THE CITY OF YONKERS. Defendants presently known as JOHN DOES (1-4) were acting for, and on behalf of, and with the power and authority vested by them by THE COUNTY OF WESTCHESTER, and THE CITY OF YONKERS, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. The individual defendants are sued herein in their official and individual capacities.

16. Defendants presently known as JOHN DOES (1-4), are and were at all times relevant herein, a duly appointed and acting officers, servants, employees and agent of the City of Yonkers Police Department, a municipal agency of THE CITY OF YONKERS, assigned to a local area command center of the City of Yonkers Police Department believed to be 2nd precinct. Defendants presently known as JOHN DOES (1-4) are sued herein in their official and individual capacities.

17. The Doe defendants are and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the City of Yonkers Police Department, a municipal agency of the COUNTY OF WESTCHESTER, assigned to a local area command

center of the City of Yonkers Police Department believed to be 2nd precinct. Defendants presently known as JOHN DOES (1-4) are sued herein in their official and individual capacities.

## STATEMENT OF FACTS

18. On November 15, 2012, at approximately 8:00 p.m., in the County of Westchester, City of Yonkers and State of New York, plaintiff was lawfully present at 1180 Midland Avenue, Yonkers, New York (the "scene of the arrest").

19. At this time, plaintiff was visiting his friend, who resided at the aforementioned premises.

20. Plaintiff was in the hallway of the aforesaid premises with his friends.

21. Plaintiff then noticed three police officers trying to enter the exit of the aforementioned premises.

22. Plaintiff opened the door for the police officers and upon entering, these officers immediately began to question Plaintiff whether had seen anyone entering or vandalizing the aforementioned premises.

23. Plaintiff responded to the questions of the police officers in the negative. The police officers further asked Plaintiff why he was at the aforementioned premises. Plaintiff further responded to the officers that he was visiting a friend.

24. Plaintiff was then told by the police officers that he was free to go and the officers were directed to a staircase within the building by Plaintiff's friends.

25. The Plaintiff was not engaged in any unlawful or suspicious activity.

26. Plaintiff, along with a family member and friend, then exited 1180 Midland Avenue and began to walk towards the public sidewalk.

27. As Plaintiff walked towards the public sidewalk, individual Defendant JOHN DOE #1,

approached the Plaintiff. JOHN DOE #1 began to ask Plaintiff where he was going and where

he lived. Plaintiff answered the questions of JOHN DOE #1 who then asked the same series

of questions again to the Plaintiff. When Plaintiff asked JOHN DOE #1's questions a second

time, JOHN DOE #1 stated, "Wrong answer" and struck Plaintiff in the face with a closed fist.

28. JOHN DOE #1 is believed to be a plain clothes officer who was not in uniform at the time of

the assault on Plaintiff.

29. JOHN DOE #2, a uniformed officer, approached the Plaintiff after he had been struck by

JOHN DOE #1. Plaintiff asked JOHN DOE #2 if he had witnessed JOHN DOE #1 strike the

Plaintiff to which JOHN DOE #2 struck the Plaintiff with a closed fist.

30. Two more officers, JOHN DOE #3 and JOHN DOE #4 emerged from a police car and

approached the scene. Upon their arrival at the scene, JOHN DOE #3 and JOHN DOE #4

began to assault the Plaintiff, joining in with JOHN DOE #1 and #2 striking Plaintiff in his

neck, back, head and buttocks.

31. Plaintiff was placed into two sets of handcuffs by the individual Defendants, JOHN DOES #1-

4 and shot in the face by mace/pepper spray while handcuffed when he posed no threat to the

safety of any of the officers present.

32. Although there was no legal basis or justification for doing so, the individual Defendants,

JOHN DOES #1-4 stopped, detained and brutally assaulted Plaintiff.

33. There was never any evidence of any guns, drugs, or contraband or that Plaintiff was

engaged in any suspicious activity at the aforementioned premises.

34. Despite the absence of any evidence of wrongdoing on the part of Plaintiff, the individual

Defendants, JOHN DOES #1-4 applied excessive force, brutally assaulted Plaintiff and then

formally arrested him.

35.  Plaintiff complied with the individual Defendants, JOHN DOES #1-4, requests and at no time did Plaintiff resist arrest or otherwise engage in any threatening or violent activity.

36. The individual Defendants, JOHN DOES #1-4, then transported Plaintiff to another local area precinct of the City of Yonkers Police Department and he was arraigned on a criminal complaint sworn to and made on the basis of false allegations supplied by the defendants.

37.  Plaintiff was then released from custody after seeing a judge and was forced to make several court appearances over the course of nearly a year, pursuant to the false allegations made by the individual Defendants before he was acquitted of all charges.

38. The individual Defendants created paperwork, including, but not limited to the criminal complaint sworn to by the individual Defendants, with the intention and understanding that this paperwork would be turned over to the Westchester County District Attorney and used to prosecute plaintiff for alleged crimes and/or violations that he had not committed, and that the defendants knew he had not committed.

39.  The factual allegations sworn to by the individual Defendants against Plaintiff were materially false and deliberately made for the improper and malicious motive to justify the illegal search, arrest, and excessive force perpetrated by the individual Defendants against the Plaintiff named herein.

40.  It was objectively unreasonable for the individual Defendants, JOHN DOES #1-4 to arrest Plaintiff, even more so to deliberately beat him, punch him, and physically abuse him as there was no evidence that plaintiff engaged in any unlawful conduct.

41.  At no time prior to or during the encounter and/or arrest did there exist probable or otherwise legally sufficient cause to seize or arrest plaintiff, nor could the individual Defendants, JOHN DOES #1-4, have reasonably believed that such cause existed.

42.  At no time did there exist any basis to use any level of force against the Plaintiff, much less the force actually employed, nor could any of the individual Defendants, JOHN DOES #1-4 have reasonably believed that such force was reasonable, lawful, appropriate, or necessary.

43.  At no time prior to or during the encounter was there sufficient legal cause to believe that Plaintiff was engaged in any unlawful or suspicious activity.

44.  At no time did any of the individual Defendants, JOHN DOES #1-4, take steps to intervene in, prevent, or otherwise limit the misconduct engaged in by the other individual Defendants, JOHN DOES #1-4 against the Plaintiff.

45.  At all times relevant herein, the Defendants were acting within the scope of their employment, and their acts were done in furtherance of THE COUNTY OF WESTCHESTER and THE CITY OF YONKERS, interests without legal justification or excuse.

## AS AND FOR A FIRST CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983

46. Plaintiff, STEVEN BUCCI, repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

47. By their conduct and actions in falsely arresting and maliciously prosecuting STEVEN BUCCI, failing to intercede on behalf of plaintiff and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of the defendants, the individual defendants, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused plaintiff to be unlawfully subjected to excessive and unreasonable force and false arrest, caused plaintiff to be maliciously prosecuted, and caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

48. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983
## BY THE CITY OF YONKERS AND THE COUNTY OF WESTCHESTER

49. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

50. At all times material to this complaint, defendants, THE COUNTY OF WESTCHESTER and THE CITY OF YONKERS, acting through its police department, and through Doe defendants presently known as JOHN DOES (1-4) had in effect actual and/or *de facto* policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct alleged of the individual defendants.

51. At all times material to this complaint, defendants, THE COUNTY OF WESTCHESTER and THE CITY OF YONKERS failed to properly train, screen, supervise or discipline its employees and police officers, including the Doe defendants, concerning the correct practices in having probable cause and/or reasonable suspicion to detain a person, and then permit detention, inflict abuse and excessive force upon said person, battery and assault and sustain a false arrest, thereby permitting the individual defendants to be in a position to violate plaintiff's rights.

52. Defendants, THE COUNTY OF WESTCHESTER and THE CITY OF YONKERS, being aware that such lack of training, supervision, and discipline leads to improper conduct by its employee police officers, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline.

53.  Defendants, THE COUNTY OF WESTCHESTER and THE CITY OF YONKERS were aware of the persistent and substantial risk of improper and incorrect arrest and detention, and effective training, supervision, and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens and which are officially tolerated by defendants, THE COUNTY OF WESTCHESTER and THE CITY OF YONKERS.  Such policies, practices, customs or usages were the direct and proximate cause of the harm to the plaintiff, in violation of plaintiff's rights as guaranteed by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

54.  Defendants, THE COUNTY OF WESTCHESTER and THE CITY OF YONKERS were responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over its police departments.

55.  Defendants had actual or constructive knowledge that there was inadequate in the supervision over and/or within THE COUNTY OF WESTCHESTER and THE CITY OF YONKERS with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and rules and regulations of THE COUNTY OF WESTCHESTER and THE CITY OF YONKERS. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that the Westchester County and The City of Yonkers Police Department including its police department members engaged in police conduct were doing so in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

56. The defendants, THE COUNTY OF WESTCHESTER and THE CITY OF YONKERS deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its police department employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, COUNTY OF WESTCHESTER and THE CITY OF YONKERS' policy, practice, and custom of utilizing illegal and impermissible searches, arrests, detentions, malicious prosecution, and the manufacturing of evidence, in the ordinary course of business of THE COUNTY OF WESTCHESTER and THE CITY OF YONKERS with a flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

57. The aforementioned customs, practices, procedures, and rules of THE COUNTY OF WESTCHESTER and THE CITY OF YONKERS are listed below in the following, non-exhaustive list of unconstitutional actions:

    a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

    b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

    c. Discouraging police officers from reporting the corrupt or unlawful acts of others;

    d. Retaliating against officers who report police misconduct; and

    e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

58. It is therefore axiomatic that the municipal Defendants have not only tolerated, but actively fostered a lawless atmosphere within THE COUNTY OF WESCHESTER and the CITY OF YONKERS and were deliberately indifferent to the risk the inadequate level of supervision

would lead to the violation of individuals' constitutional rights in general, and caused the violation of Plaintiff's rights in particular.

59. As a direct result of Defendants actions, Plaintiff suffered a denial of their federal statutory rights, constitutional rights and privileges. Such deprivations were in violation of the rights secured to plaintiff, STEVEN BUCCI by the Fourth and Fourteenth Amendments of the United States Constitution and by Title 42 U.S.C.A § 1983.

60. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION
## VIOLATION OF RIGHTS SECURED
## BY THE NEW YORK STATE CONSTITUTION
## BY THE INDIVIDUAL DEFENDANTS

61. Plaintiff, STEVEN BUCCI, repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

62. By their conduct, and actions in falsely arresting and maliciously prosecuting STEVEN BUCCI, failing to intercede on behalf of the plaintiff, and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of the defendants, the individual defendants, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused plaintiff to be unlawfully subjected to excessive and unreasonable force, false arrest and malicious prosecution, and caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed by the Constitution of the State of New York.

63. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A FOURTH CAUSE OF ACTION
FOR MALICIOUS PROSECUTION
AGAINST THE WESTCHESTER COUNTY AND
CITY OF YONKERS**

64. Plaintiff, STEVEN BUCCI, repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

65. That at all times hereinafter mentioned, defendants, THE COUNTY OF WESTCHER and THE CIY OF YONKERS assumed responsibility supervision, and authority over The Westchester County Police Department and the City of Yonkers Police Department, its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and *respondeat superior*.

66. At the aforementioned location, plaintiff, STEVEN BUCCI and was detained and held under the imprisonment and control of the defendants under false pretenses.

67. Due to the negligence of the defendants, their servants, agents, employees, licensees, independent contractors and/or police officers while in the course and scope of their employment with THE COUNTY OF WESTCHESTER and THE CITY OF YONKERS and acting under authority of THE WESTCHESTER COUNTY POLICE and THE CITY OF YONKERS POLICE DEPARTMENT, falsely arrested, imprisoned, and maliciously prosecuted the plaintiff, STEVEN BUCCI without warrant, authority of law or probable cause therefore.

68. That the acts and conduct on the part of the individual defendants constituting the false arrest

and false imprisonment consisted in part of the following; unlawfully and intentionally detaining and confining STEVEN BUCCI against his will and without his consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully and severely injuring plaintiff through the use of excessive, violent force and unlawfully detaining and arresting plaintiff by the use of  handcuffs without reasonable cause therefore, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

69. That at all times hereinafter mentioned, said arrests, confinement and restraints of liberty were not otherwise privileged.

70. That plaintiff, STEVEN BUCCI was conscious of the confinement.

71. That as a direct, sole and proximate result of the false arrest, imprisonment, malicious prosecution and excessive force, plaintiff, STEVEN BUCCI was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal income.

72. By the actions described above, the individual defendants and caused plaintiff to be falsely arrested and/or falsely imprisoned, and cause plaintiff, STEVEN BUCCI to be maliciously prosecuted, without probable cause, without reasonable suspicion, illegally, without any proper claims, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

73. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality

and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional

distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR AN FIFTH CAUSE OF ACTION
## NEGLIGENT HIRING, SCREENING, RETENTION,
## SUPERVISION AND TRAINING

74. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the

same force and effect as though fully stated herein.

75. Defendants, THE COUNTY OF WESTCHESTER and THE CITY OF YONKERS

negligently hired, screened, retained, supervised and trained the individual defendants.  The

acts and conduct of the defendants were the direct and proximate cause of injury to the

plaintiff and violated his statutory and common law rights as guaranteed by the laws and

Constitution of the State of New York.

76.  As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality

and/or enjoyment of life, economic injury, physical injury, psychological injury and emotional

distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR AN SIXTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL HARM

77. Plaintiff, STEVEN BUCCI, repeats and reiterates the allegations set forth in the foregoing

paragraphs with the same force and effect as though fully stated herein.

78. Defendants negligently caused emotional distress and damage to the plaintiff.  The acts and

conduct of the defendants were the direct and proximate cause of emotional injury to the

plaintiff and violated his statutory and common law rights as guaranteed by the laws and

Constitution of the State of New York.

79. As a result of the foregoing, plaintiff was deprived of his liberty, suffered a loss of quality and/or enjoyment of life, economic injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

80. That by reason of the aforesaid, the Plaintiff has been damaged in a sum not to exceed ONE MILLION (1,000,000.00) DOLLARS and that an award of attorney's fees is appropriate pursuant to 42 USC § 1988.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empanelling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorneys' fees;

    e. Such other further relief as this court may deem appropriate and equitable.

Dated:  New York, New York
        November 7, 2013

Respectfully submitted,
**LAW OFFICES OF MICHAEL S.
LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By: Ryan J. Lawlor (RL-7354)
80 Maiden Lane, 12th Floor
New York, New York 10038
T: (212) 962-1020